IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **FRANK EDWIN PATE,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:25-CV-3018-L-BK** |
| | § | |
| **DIRECTOR SALES, RRM VOA** | § | |
| **of TEXAS,** | § | |
| | § | |
| Respondent. | § | |

## ORDER

On November 19, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 5) was entered. Also before the court is Petitioner Frank Edwin Pate's ("Petitioner") Motion to Expedite Consideration of Petition for Writ of Habeas Corpus (Doc. 14), filed June 4, 2026.

In the Report, the magistrate judge recommends that the court dismiss without prejudice Petitioner's habeas Petitions under 28 U.S.C. § 2241 for lack of jurisdiction because he challenges his federal conviction and sentence imposed by a district court in the Eastern District of Texas, but 28 U.S.C. § 2255 provides the primary means of "collaterally attacking a federal sentence" and is the appropriate remedy for "errors that occurred at or prior to the sentencing"; relief under § 2241 is not a substitute for a § 2255 motion; and, while Petitioner may file a § 2241 petition "to challenge the legality of his conviction or sentence," he must first satisfy § 2255's savings clause, which he has not done here.  Doc. 5 at 1 (citing *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003)) (other citations omitted).

**Order – Page 1**

Petitioner responded and objected to the Report (Docs. 6-8),[1] contending that the magistrate judge erroneously characterized his § 2241 Petition(s) as a disguised collateral attack on his conviction and sentence under § 2255. According to Petitioner, he does not challenge sentencing errors, evidentiary rulings, or trial defects. He, instead, challenges the absence of jurisdiction from the inception of his criminal case, based on the following arguments:

1. an arrest warrant that was unsigned by any United States magistrate judge and executed by local Phoenix police outside federal authority;

2. custody obtained through an ultra vires arrest, rendering all subsequent federal jurisdiction void ab initio;

3. a grand-jury process that failed to comply with Rule 6, including a non-returned indictment and signatures by an AUSA whose appointment and statutory authority were unlawful;

4. prosecution undertaken by individuals lacking constitutional and statutory authority under the Appointments Clause and 28 U.S.C. §§ 515-547; and

5. a structural jurisdictional collapse that precedes, and therefore nullifies, the validity of any resulting judgment.

Doc. 7 at 2. For support, Petitioner relies on *United States v. Cotton*, 535 U.S. 625, 630 (2002), for the conclusion that "jurisdictional defects render judgments void," and *Ex parte Siebold*, 100 U.S. 371 (1879), for the conclusion that "prosecutions by illegally appointed officers are nullities." Doc. 7 at 3.

Neither of these cases, however, lends support for Petitioner's contention that he can raise the foregoing arguments in a section 2241 habeas action. Even assuming that § 2241 is an

---

[1] Petitioner subsequently filed additional documents, but the court **declines** to consider them in ruling on the Report, Petitioner's objections to the Report, and his habeas petitions, as these additional documents (Docs. 9-12) were filed after the January 5, 2026 deadline for filing objections to the Report, and it is clear from the dates that these documents were signed by Petitioner that they were not put in the prison mail on or before this deadline.

appropriate vehicle for raising such challenges, the magistrate judge correctly determined that Petitioner has not satisfied the § 2255's savings clause requirements. While Petitioner argues that § 2255 is an inadequate remedy or ineffective because of ongoing delays in his pending § 2255 case in the Eastern District of Texas and other technicalities, such contentions do not satisfy his burden of demonstrating that the inadequacy of a remedy under § 2255, which can only be met by demonstrating that (1) his claims are "based on a retroactively applicable Supreme Court decision"; (2) the claims were "previously foreclosed by circuit law at the time when [it] should have been raised in the petitioner's trial, appeal, or first § 2255 motion"; and (3) "that retroactively applicable decision establishes that [he] may have been convicted of a nonexistent offense." *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010) (citations omitted).

Accordingly, have considered Petitioner's section 2241 habeas Petitions, the Report, file, the record, and having conducted a de novo review of those portions of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. The court, therefore, **overrules** Petitioner's objections to the Report and **dismisses without prejudice** this habeas action for lack of jurisdiction. The court also **denies as moot** Petitioner's Motion to Expedite Consideration of Petition for Writ of Habeas Corpus (Doc. 14).

Further, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[2] The court determines that Petitioner has

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

> (a)    Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the

Order – Page 3

failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In support of this determination, the court **accepts** and **incorporates by reference** the Report filed in this case. In the event that a notice of appeal is filed, Petitioner must pay the applicable appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 11th day of June, 2026.

Sam A. Lindsay
United States District Judge

---

denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(b)    Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 4**